IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| 401 NORTH CHARLES, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-17-0872 |
| SONABANK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff, 410 North Charles, LLC ("North Charles") alleges that Defendant Sonabank breached the terms of a promissory note, deed of trust, and other loan documents. (Compl., ECF No. 1). Plaintiff seeks both specific performance and damages. (*Id.* 4-6.) Defendant filed a Motion to Dismiss (ECF No. 5) asking this Court to abstain from exercising jurisdiction due to a related foreclosure action that had been filed before the Complaint in this case. Defendant subsequently filed a Motion for Leave to File Supplemental Memorandum of Law. (ECF No. 10.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the Defendant's Motion for Leave to File Supplemental Memorandum of Law (ECF No. 10) is DENIED AS MOOT, and the Defendant's Motion to Dismiss (ECF No. 5) is DENIED.

## BACKGROUND

On or about April 7, 2006, North Charles secured a loan for $1.2 million from Greater Atlantic Bank to purchase the commercial property located at 401 North Charles

1

Street, Baltimore, Maryland. (Compl. ¶ 6.) In connection with the loan, North Charles executed a Secured Term Promissory Note (the "Note") for the loan amount in favor of Greater Atlantic Bank. (Id. ¶ 7.) North Charles also executed a Purchase Money Deed of Trust, Assignment, and Security Agreement ("Deed of Trust"). (Id. ¶ 8.) In or about 2009, Sonabank acquired the Note and the Deed of Trust. (Compl. ¶ 9.)

Due to an alleged default by North Charles, Sonabank appointed Substitute Trustees to initiate foreclosure proceedings, and on March 24, 2017, an Order to Docket was filed in the Circuit Court for Baltimore City. (*See* Def. Ex. 1, Order to Docket; Docket Sheet for case styled *John E. Driscoll III, et al. v. 401 North Charles, LLC*, 24-0-17000580, Def. Ex. 2.)[1]

On March 30, 2017, North Charles filed the Complaint in this federal action. (ECF No. 1.) This Complaint seeks specific performance of the same Note and Deed of Trust that are at issue in the state foreclosure case. (*See* Memorandum in support of Motion to Stay or to Dismiss Foreclosure at 17, Def. Ex. 3, hereinafter "North Charles Memo.")

On April 13, 2017, North Charles challenged the foreclosure action by filing a Motion to Stay or to Dismiss Foreclosure. (Def. Ex. 3.) In that motion, North Charles asserts several defenses to the foreclosure, including claiming that Sonabank breached the Note and Deed of Trust by "[p]enalizing [North Charles] for attempting to refinance . . ." and "[a]sserting the Late Fees, which are not allowed by the terms of the Note." (North Charles Memo at 17, Def. Ex. 3.)

---

[1] A court may take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into one for summary judgment. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Bey v. Shapiro Brown & Aft, LLP*, 997 F. Supp. 2d 310, 316 n.4 (D. Md. 2014) *aff'd*, 584 F. App'x. 135 (4th Cir. 2014) (taking judicial notice of state court docket entries).

Defendant Sonabank subsequently filed with this Court the now pending Motion to Dismiss (ECF No. 5), which asks this Court to abstain from exercising jurisdiction due to the pendency of the state foreclosure action. Defendant thereafter filed a Motion for Leave to File Supplemental Memorandum of Law in Support of Defendant Sonabank's Motion to Dismiss Complaint (ECF No. 10.)

By letter dated February 16, 2018, Defendant informed this Court that the state court had dismissed the foreclosure proceedings against North Charles. (ECF No. 12.) On January 25, 2018, the state court denied Sonabank's Motion to Alter or Amend the Order. (*Id.*) While Sonabank has a right to appeal the state court's Order, it "will likely opt not to appeal" the state court's rulings. (*Id.*) Sonabank provided the additional update that "the loan that gave rise to the filing of the foreclosure action and that is also at issue in this case has been refinanced by 401 [North] Charles LLC with another lender." (*Id.*)

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Under a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dept. of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

## DISCUSSION

### I. Motion for Leave to File Supplemental Memorandum of Law

On July 14, 2017, this Court permitted North Charles' prior counsel to withdraw. (ECF No. 9.) On July 27, 2017, Defendant filed a Motion for Leave to File Supplemental Memorandum of Law, which asks this Court to consider the fact that North Charles had failed to retain new counsel as required for a corporate litigant under Local Rule 101.2b. (ECF No 10.) On August 9, 2017, Alan Hoff, North Charles' current counsel, entered his appearance. (ECF No. 11.)

4

North Charles' thirteen-day lapse in representation did not prejudice either party in the litigation of this case, and Mr. Hoff continues to represent North Charles in this matter. Defendant's Motion for Leave to File Supplemental Memorandum of Law (ECF No. 10) is therefore DENIED AS MOOT.

II. **Motion to Dismiss**

Defendant's Motion to Dismiss asks this Court to "abstain from exercising subject matter jurisdiction over this matter because a parallel state court foreclosure action is already pending in the Circuit Court for Baltimore County." (ECF No. 5.) Defendant asserts that abstention in this case is appropriate under the *Younger* doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971),[2] and the *Colorado River* doctrine, *see Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)[3]. (Reply 7-9, ECF No. 7.) This request, which is based upon state court records, presents a factual challenge to subject matter jurisdiction. This Court may therefore consider facts "outside the pleadings without converting the proceeding to one for summary judgment." *Velasco*, 370 F.3d at 398.

By letter dated February 16, 2018, Defendant informed this Court that the state court had dismissed the foreclosure proceedings against North Charles. (ECF No. 12.) On January 25, 2018, the state court denied Sonabank's Motion to Alter or Amend the Order dismissing the case (*Id.*) Sonabank has admitted that it "will likely opt not to appeal" the state court's

---

[2] The Supreme Court has explained that the *Younger* abstention doctrine applies to three types of state proceedings: (1) ongoing state criminal prosecutions; (2) civil enforcement proceedings; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 591(2013) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*")).

[3] "For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied. As a threshold requirement, there must be parallel proceedings in state and federal court. Second, 'exceptional circumstances' warranting abstention must exist." *Agomuoh v. PNC Financial Services Group*, 2017 WL 657428, at *6 (D. Md. Feb. 16, 2017) (citing *Gannett Co. v. Clark Const. Grp., Inc.*, 286 F.3d 737, 741 (4th Cir. 2002); *Colorado River Water Conser v. Dist. v. United States*, 424 U.S. 800 (1976)).

5

rulings. (*Id.*) Because the state foreclosure action has been dismissed, there is no longer a pending action that would implicate the *Younger* or *Colorado* River abstention doctrines. Defendant's Motion to Dismiss (ECF No. 5) is therefore DENIED.[4]

## CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED this 26th day of February, 2018, that:

1. Defendant's Motion for Leave to File Supplemental Memorandum of Law (ECF No. 10) is DENIED AS MOOT;

2. Defendant's Motion to Dismiss (ECF No. 5) is DENIED; and

3. Copies of this Order shall be sent to counsel of record.

*[signature]*

Richard D. Bennett
United States District Judge

---

[4] Should Sonabank pursue an appeal of the dismissal and succeed, nothing in this opinion precludes this Court from revisiting the issue of subject matter jurisdiction, which may be addressed "at any time." Fed. R. Civ. P. 12(h)(3).